UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOHN JOSEPH WATERS, JR.,                         Civ. No. 12-648 (RHK/LIB)

        Plaintiff,

v.                                               **REPORT AND RECOMMENDATION**

THE CAFESJIAN FAMILY FOUNDATION,
INC., G.L.C. ENTERPRISES, INC., GERARD
LEON CAFESJIAN,

        Defendants/Third Party
        Plaintiffs/ Counterclaimants,

v.

JOHN JSOEPH WATERS, JR. &
CHERI KUHN WATERS.

        Third Party Defendant/
        CounterDefendant.

---

This matter came before the undersigned United States Magistrate Judge upon the Plaintiff's Motion for Temporary Restraining Order. A hearing on the motion was conducted on June 4, 2012. The case has been referred to the undersigned Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1). For reasons outlined below, the Court recommends that Plaintiff's Motion be DENIED.

**I.     BACKGROUND**

Plaintiff brings a number of claims against Defendants Gerard Leon Cafesjian, G.L.C. Enterprises, Inc., and the Cafesjian Family Foundation, Inc. arising out of an employment relationship. According to the Complaint, Defendant Cafesjian was employed by West Publishing until 1996. (Compl. [Docket No. 1] ¶ 6). After West was told to Thomson Reuters,

1

Cafesjian created the Cafesjian Family Foundation, Inc. and G.L.C. Enterprises to manage his personal, business, and philanthropic affairs. (Compl. ¶ 19-20). Plaintiff was employed by G.L.C. Enterprises from 1996 through 2009. (Compl. ¶ 22).

Throughout the employment relationship, the Plaintiff asserts that the Defendants failed to pay him compensation owed to him. (Compl. ¶¶ 52-85). On the basis of these facts, the Plaintiff brings a number of claims including breach of contract, promissory estoppel, breach of implied contract, intentional infliction of emotional distress, and negligent infliction of emotional distress.

In response, to the Complaint, the Defendants filed an Answer and a Third-Party Complaint against Plaintiff and Cheri Kuhn Waters. (Docket No. 29). Defendant Cafesjian contend that the Plaintiff stole millions of dollars from the Defendants. (Ans. ¶ 1). Defendant Cafesjian learned about the alleged misappropriation funds and instituted an investigation into the activity in February 2011. (Ans. ¶ 161). On the basis of the alleged embezzlement, Defendant Cafesjian asserts a number of claims against the Third-Party Defendants including civil conversion (against Waters and Kuhn), civil theft (against Waters and Kuhn), breach of fiduciary duty (against Waters), constructive trust (against Waters), and fraud and misrepresentation (against Waters).

Presently before the Court is the Plaintiff's motion for a Temporary Restraining Order preventing the Defendant from destroying documents. The Court considers the motion below.

## II.     STANDARD OF REVIEW

The Eighth Circuit Court of Appeals has established the standard for considering preliminary injunctions. <u>Dataphase Sys. Inc. v. CL Sys., Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). This Court must consider (1) the threat of irreparable harm to the moving party if an

injunction is not granted, (2) the harm suffered by the moving party if injunctive relief is denied as compared to the effect on the non-moving party if the relief is granted, (3) the public interest, and (4) the probability that the moving party will succeed on the merits. Id.[1] "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).

### III. DISCUSSION

Plaintiff asks for a Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil procedure to prevent the Defendants from destroying documentary evidence. Plaintiff argues that he must rely heavily on documents in the Defendant's possession in order to succeed in his case and seeks to ensure that they are maintained.

Defendants contend that irreparable harm will not ensue if the relief Plaintiff seeks is not granted because no matter whether the Court issues an order or not, the Defendants are required to preserve documents.

The Court concludes that the Plaintiff has not demonstrated that a serious threat of irreparable harm will result if the motion for a temporary restraining order to preserve evidence is not granted. Plaintiff has presented no evidence either though affidavits or other evidence demonstrating that Defendants are likely to destroy documents. See Humble Oil & Refining Company v. Harang, 262 F.Supp. 39, 43 (E.D. La. 1966)(party seeking injunction to prevent destruction of documents must demonstrate that there is a "real danger that acts to be enjoined will occur"). The Plaintiffs argue that some documents were purged in 2009 after the Plaintiff

---

[1] Even though the Plaintiff seeks a discovery preservation order, the motion is properly brought as a TRO and preliminary injunction because it seeks injunctive relief. See, e.g., Humble Oil & Refining Co. v. Harang, 262 F.Supp. 39, 42 (E.D. La. 1966) (concluding that a preservation Order is, in reality, a form of Restraining Order); Cunningham v. Bower, Civ. No. 98-2101, 1989 WL 35993 (D. Kan.1989)(same).

left his employment with Defendants.  However, this was years before Plaintiff filed the present lawsuit and Plaintiff has not presented any evidence that the alleged purge in 2009 was anything other than routine file maintenance as the Defendants aver.   Additionally, this case was filed three years later in 2012 and nothing is now before the Court suggesting that any other files were destroyed.  It would require a significant leap to equate the elimination of some files in 2009 to a pattern of regular and widespread destruction of documents relevant to a pending lawsuit in 2012 necessary for the Court to issue a temporary restraining order.

     Moreover, the Federal Rules of Civil Procedure already require that the Defendants preserve documents within their possession in anticipation of litigation.  Escamilla v. SMS Holdings Corp., Civ. NO. 09-2920 (ADM/JSM), 2011 WL 5025254, at *8 (D. Minn. Oct. 21, 2011) ("The obligation to preserve evidence [even] begins when a party knows or should have known that the evidence is relevant to future . . . litigation.").  Furthermore, as the Court noted in In re Potash, Civ. No. 93-197, 1994 WL 1108312, at *8 (D. Minn. Dec. 5, 1994), the issuance of a temporary restraining order or preliminary injunction will not "add a more compelling deterrence to the fraudulent or intentional destruction of documents than is presented by the 'spoliation of evidence' and related doctrines."   Considering the sanctions available to parties who destroy evidence under the spoliation of evidence doctrine, the Court "is satisfied that the parties are fully aware of the dire consequences that may befall a 'litigant who is on notice that documents and information in its possession are relevant to litigation . . . or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information.'"  In re Potash, 1994 WL 1108312 at *8 (citing Wm. T. Thompason Co. v. Gen. Nutrition Corp., 593 F.Supp. 1443, 1455 (C.D. Cal. 1984)). In fact, the Defendants agreed in their memorandum and at the hearing that documents relevant to this litigation will be preserved

and that they have an interest in maintaining such documents because they need the documents to support their own claims and defenses.

Since the Plaintiff has failed to show irreparable harm, the Court recommends that his motion for a temporary restraining be denied.  See Internet Inc. v. Tensar Polytechnologies, Inc., Civ. No. 05-317 (RHK/ABJ), 2005 WL 2453170, at *4-5 (D. Minn. Oct. 3, 2005) (Kyle, J.)(stating that if a plaintiff fails to "prove irreparable harm, its request for a preliminary injunction must be denied without regard to the remaining Dataphase factors."); Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) (finding that the failure to show irreparable harm is "an independently sufficient ground upon which to deny" injunctive relief); Adam–Mellang v. Apartment Search, Inc., 96 F.3d 297, 299 (8th Cir. 1996) ("the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction").

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

Plaintiffs' Motion for Temporary Restraining Order [Docket No. 2] be DENIED.

Dated: June 27, 2012                                                s/Leo I. Brisbois
                                                                                                   LEO I. BRISBOIS
                                                                                                   United States Magistrate Judge

N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 11, 2012,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.